UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:16-CV-80170-KAM

**HARBOURSIDE PLACE, LLC,** a Florida
limited liability company,

        Plaintiff,

vs.

**TOWN OF JUPITER**, a Florida municipal
corporation, and **JUPITER COMMUNITY
REDEVELOPMENT AGENCY**, a dependent
special district of the Town of Jupiter, Florida,

        Defendant.
_____/

## JUPITER COMMUNITY REDEVELOPMENT AGENCY'S MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, JUPITER COMMUNITY REDEVELOPMENT AGENCY ("CRA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District Local Rule 7.1, hereby moves this Court for the entry of final summary judgment in its favor and, in support, states as follows:

### INTRODUCTION

On August 1, 2016, Plaintiff, HARBOURSIDE PLACE, LLC, filed its Second Amended and Supplemental Complaint for Relief Under 42 U.S.C. §1983, For Declaratory and Injunctive Relief, and For Damages [DE 67] (hereinafter "Complaint"), against both TOWN OF JUPITER and the CRA.  As to the CRA, Counts V and VI of the Complaint attempt to set forth causes of actions for anticipatory breach of contract and breach of contract, respectively.  In addition,

1

Count IV attempts to state a cause of action for Declaratory and Supplemental Relief against the CRA.

The CRA maintains that Plaintiff's Complaint fails even to pass muster at the pleading stage, but nevertheless will demonstrate through this Motion for Summary Judgment that there exists no genuine issue as to any material fact that the actions of the CRA are authorized under the terms and conditions of the agreement and has not committed any breach thereof.  Due to the absence of any genuine issue of material fact as to each of the causes of action Plaintiff attempts to set forth against Town, Town is entitled to summary judgment in its favor as a matter of law.

## MEMORANDUM OF LAW

A. *Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56, in order to prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 344, n. 3 (1986); *Sunderland v. Bethesda Health, Inc.*, 2016 WL 3128652, at *7 (S.D. Fla. 2016). The movant may discharge this burden by "pointing out to the district court [ ] that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Harrison v. Culliver*, 746 F.3d 1288, 1289 (11th Cir. 2014).  An issue is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Burgos v. Chertoff*, 274 F. App'x. 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir.1997)0; *Sunderland*, 2016 WL 312852 at *7.  The material facts are determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 249.  A moving party discharges

its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

Once the moving party satisfies its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party to produce specific facts through admissible evidence showing that a jury trial is warranted. *Allen*, 121 F.3d at 646. The non-moving party must then go beyond the pleadings and designate specific facts showing there is a genuine issue for trial, through its own affidavits, or by depositions, answers to interrogatories, and admissions on file. *Porter v. Ray*, 461 F.3d 1315, 1321 (11th Cir. 2006). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value"). Although courts construe all reasonable inferences in the light most favorable to the non-moving party, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find... by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1184 (11th Cir. 2003); *Nichols v. CSG Systems, Inc.*, 245 Fed Appx. 937 (11th Cir. 2007). Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. *Celotex*, 477 U.S. at 322.

**B.    *Standard for Breach of Contract and Anticipatory Breach***

In order to prevail on a cause of action for breach of contract, the claimant must demonstrate (1) a valid contract, (2) a material breach, and (3) damages. *Rollins v. Butland,* 951 So.2d 860, 876 (Fla. 2d DCA 2006). Before rising to the level of an anticipatory breach of

3

contract, the refusal to perform must be distinct, unequivocal and absolute. *Mori v. Matsushita Elec. Corp. of America,* 380 So.2d 461 (Fla. 3d DCA 1980). "If one party to an agreement has breached the agreement, the other party's failure to continue with the agreement is not considered a default of the contract." *Ryan v. Landsource Holding Co., LLC* 127 So.3d 764, 767 (Fla. 2d DCA 2013) (quoting *Jones v. Warmack,* 967 So.2d 400, 402 (Fla. 1st DCA 2007).

As explained in greater detail in the analysis section below, Plaintiff can present no evidence which demonstrates that the CRA breached the Agreement. The record evidence in this case demonstrates that the CRA acted within the authority granted to it under the Agreement due to Plaintiff's failure to comply with the material provisions of same. Indeed, the record makes clear that it is Plaintiff that has breached the terms of the Agreement by failing to maintain compliance with the Town's Code and regulations, including the provisions of the Development Orders and the conditions of the Special Permits.

C. ***Standard for Declaratory Relief under 28 U.S.C. §2201(a)***

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to declare the rights of parties only in cases of "actual controversy." An actual controversy exists when, under all the circumstances, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Perret v. Wyndham Vacation Resorts, Inc*. 889 F. Supp. 1333, 1346 (citing *GTE Directories Publishing Corp. v. Trimen America, Inc.,* 67 F.3d 1563, 1567 (11th Cir.1995) (citation omitted)). Plaintiff must show, at a minimum: (1) it has suffered some actual or threatened injury as a result of the alleged conduct of the CRA; (2) the injury fairly can be traced to the challenged action; and (3) it is likely to be redressed by a favorable decision. *GTE Directories*, 67 F.3d at 1567. (citations omitted).

4

In order to obtain declaratory relief under Section 2201, Plaintiff must show that there is a substantial likelihood that it will suffer injury in the future. *Incredible Investments, LLC v. Fernandez-Rundle*, 984 F. Supp. 2d 1318, 1323-4 (S.D. Fla. 2013)(citing *Walden,* 669 F.3d at 1284). "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (citing *Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1347 (11th Cir.1999) (quoting *Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir.1985)) (internal quotations omitted)). While the Declaratory Judgment Act confers discretion on the courts to issue a declaratory judgment, "it does not impose a duty to do so." *Dear v. Q Club Hotel,* slip copy, *LLC*, 2015 WL 4273054, at * 2 (July 14, 2015) (citing *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir.2005) (per curiam)).

In addition to those reasons set forth in the analysis section below, the CRA is entitled to summary judgment in its favor on Count IV of Plaintiff's Complaint due to the fact that the relief requested therein is duplicative to the relief requested in Counts V and VI. The claims for anticipatory breach of contract and breach of contract rest upon the same allegations as the relief sought against the CRA in Count IV, which is that Plaintiff has performed and continues to perform its due is under the CRA agreement, that the CRA has a duty to make tax incentive payments, and that the CRA has evidenced a refusal to perform this duty. Therefore, to the extent that Count IV of Plaintiff's Complaint is seeking declaratory relief against the CRA, the count is subsumed by Counts V and VI and the CRA is entitled to summary judgment in its favor as this Court must reject Count IV. *See Dear,* 2015 WL 4273054, at * 2 ("Where a party has properly raised an issue in other counts of its pleadings, district courts exercising their discretion will reject claims for declaratory relief addressing that same issue."

**D.** *CRA has not breached the Agreement and Plaintiff is not entitled to Declaratory Relief*

The CRA served a Notice of Breach of the Agreement to Plaintiff on November 20, 2015, notifying Plaintiff that it had breached Section 25 of the Agreement by failing to comply with various conditions of the Development Orders. *See DE 67-8.* Section 10 of the Agreement required the CRA to provide Plaintiff with this Notice and an opportunity to cure within 30 days. *See DE 67-4* at §10. Later, on January 14, 2016, following receipt of a letter from Plaintiff contending that the Notice of Breach failed to specify Plaintiff's violations and how same could be cured, the CRA further provided specific notice of violation, the means by which Plaintiff could cure these violations, and an extension of 90 days in which Plaintiff could cure the violations. *See DE 67-10; DE 40-1.*

The success of Plaintiff's claims hinges upon the interpretation of the terms of the Agreement. Specifically, it is Plaintiff's position that the Agreement only sets forth two conditions to the CRA's obligation to make Tax Incentive Payments to Harbourside: (1) the real estate taxes levied on the subject property are paid prior to becoming delinquent and (2) Plaintiff complies at all times with the performance benchmarks referenced in Section 4 of the Agreement. Even if this interpretation were found to be correct, Plaintiff has nevertheless failed to produce evidence sufficient to demonstrate its performance of the benchmarks in Section 4 of the Agreement. However, this interpretation is incorrect, as is expressly clear from the terms of the Agreement. Section 10.A. of the Agreement, "Owner's Breach," states:

> Subject to Force Majeure… the Owner's failure to comply at all times with its obligations contained herein, including, **but not limited to**, the Performance Benchmarks and the Covenants and Representations described in sections 4 and 5 above, **shall be a material breach** of this Incentive Agreement.

[Emphasis added]. *DE 67-4* at §10.A.

As is clear from Section 10.A., the Agreement does not limit material breach only to Plaintiff's failure to pay its taxes timely and the performance benchmarks in Section 4.  Rather, the Agreement includes as a material breach any failure by Plaintiff to comply with all of the obligations contained within the Agreement, which, thus, includes Section 25 of the Agreement, "Compliance with Laws."  This provision requires Plaintiff to "at all times be in compliance with all applicable federal, state and local laws, statutes, rules and regulations, including, but not limited to Town Code and Town Code sections pertaining specifically to planning, zoning and permitting." *DE 67-4* at §25.  Therefore, Plaintiff's failure to comply with Town's code and regulations, including the Development Orders and Special Permit conditions, is a material breach of the Agreement which would permit the CRA to suspend payment of any Tax Incentive Payments as authorized by Section 10.

The November 20, 2015 Notice of Breach [DE 67-8] and January 14, 2016 correspondence [DE 40-1], issued to Plaintiff by the CRA demonstrate that Plaintiff was notified of its breach of the Agreement along with guidance as to how said breach could be cured. Furthermore, as stated in the Statement of Material Facts accompanying this Motion, the testimony of John Sickler, Town's Director of Planning & Zoning, and Stephanie Thoburn, the Assistant Director of Planning & Zoning, demonstrates that Plaintiff has, in fact, violated the Development Orders and Special Permit conditions.  *See DE 102-1, DE 99-1.* Specifically, Plaintiff failed to submit applications for special permits timely; failed to submit sound reports satisfying the requirements of the Town's code and Development Orders; failed to install, set and lock a sound limiter in such a manner as sound output fell within the Town's established limits; and failed to submit a site plan which identifies the location and details of all speakers, sound

attenuation devices, and outdoor stages demonstrating that the stage and speakers are located so as to minimize sound amplification beyond the property. *See id.*

## CONCLUSION

As demonstrated herein, the CRA has acted within the authority granted to it by suspending tax incentive payments to Plaintiff due to Plaintiff's own failure to comply with the material provisions of the Agreement. Namely, the CRA has put Plaintiff on notice that it was in violation of the Development Orders and Special Permit conditions, which constitutes a violation of Section 25 of the Agreement, which in turn authorized the CRA to withhold tax incentive payments to Plaintiff pursuant to Section 10 of the Agreement. Plaintiff's argument that the only conditions which determine whether the CRA is required to make tax incentive payments are those found in Section 4 of the Agreement is without merit, as Section 10 of the Agreement expressly states that a failure to comply with any of the obligations set forth by the Agreement, and not only those found in Section 4, will constitute a material breach.

WHEREFORE, Defendant, JUPITER COMMUNITY REDEVELOPMENT AGENCY, respectfully requests this Honorable Court enter an order granting summary judgment in its favor as to Counts IV, V, and VI of Plaintiff's Complaint [DE 67], and for any other relief deemed just and proper.

Respectfully submitted,

/s/ Lyman H. Reynolds, Jr.
**LYMAN H. REYNOLDS, JR.**
FBN: 380687

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF to all parties on the attached Counsel List this 10th day of January, 2017.

<div style="margin-left: 2em;">

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Town of Jupiter & Jupiter CRA

/s/ Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

</div>

STYLE:            HARBOURSIDE PLACE v. TOWN OF JUPITER & JUPITER CRA
CASE NO.:         9:16-CV-80170-KAM
OUR FILE NO.:     16-107

## COUNSEL LIST

MITCHELL W. BERGER, ESQ.
ANTHONY J. CARRIUOLO, ESQ.
Berger Singerman, LLP
One Town Center Rd., Suite 301
Boca Raton, FL 33486
Counsel for Plaintiff
PHONE: 561-241-9500
DIRECT: 954-712-5146
FAX: 561-998-0028
E-SERVICE: acarriuolo@bergersingerman.com
              mnewland@bergersingerman.com
              drt@bergersingerman.com
              mberger@bergersingerman.com
FBN: 311340 / 434541

PAUL S. FIGG, ESQ.
Berger Singerman, LLP
350 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
Co-Counsel for Plaintiff
PHONE: 954-525-9900
DIRECT: 954-712-5104
FAX: 954-523-2878
E-SERVICE: pfigg@bergersingerman.com
FBN:

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida  33409
Counsel for Defendants Jupiter & CRA
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
    bsmith@rrbpa.com
FBN: 380687