16-107//

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:16-CV-80170-KAM**

**HARBOURSIDE PLACE, LLC,** a Florida
limited liability company,

        Plaintiff,

vs.

**TOWN OF JUPITER**, a Florida municipal
corporation, and **JUPITER COMMUNITY**
**REDEVELOPMENT AGENCY**, a dependent
special district of the Town of Jupiter, Florida,

        Defendant.
_____/

## JUPITER COMMUNITY REDEVELOPMENT AGENCY'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

Defendant, JUPITER COMMUNITY REDEVELOPMENT AGENCY ("CRA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District Local Rule 56.1, hereby files this Statement of Material Facts in Support of its Motion for Final Summary Judgment and states as follows:

1. On or about February 9, 2011, the CRA and Jupiter Waterways, LLC entered into an Economic Development Incentive Agreement for the Harbourside Mixed-Use Project ("Agreement"). *DE 67* at ¶19; *DE 67-4*.

2. Plaintiff, HARBOURSIDE PLACE, LLC ("Plaintiff"), currently holds all rights and obligations under the Agreement that were previously held by Jupiter Waterways, LLC. *DE 67* at ¶19.

3. Under the terms of the Agreement, the CRA proposed to provide a Tax Increment Incentive Payment to Plaintiff equal to fifty percent (50%) of the Tax Increment Revenue resulting from the increases in the taxable assessed values of the properties comprising Harbourside Place up to $350,000, for a period of fifteen (15) years, so long as certain conditions were met and compliance maintained. *DE 67-4* at §3.

4. However, pursuant to the Agreement, the CRA is authorized to suspend the payment of any incentive upon Plaintiff's failure to comply with its obligations under the Agreement, which shall constitute a material breach of the Agreement, and Plaintiff's failure to cure such material breach within the given time parameters will result in the termination of the Agreement. *See Id.* at §10.

5. Among Plaintiff's obligations under the Agreement is the requirement to maintain "compliance with all applicable federal, state, and local laws, statutes, rules and regulations, including, but not limited to the Town Code and Town Code sections pertaining specifically to planning, zoning, and permitting." *Id.* at §25.

6. On November 20, 2015, the CRA issued a Notice of Breach of the Agreement to Plaintiff via correspondence from Town's attorney, Thomas J. Baird, Esq. *See DE 67-8.*

7. In the November 20, 2015 Notice of Breach, Plaintiff was put on notice that the CRA took the position that Plaintiff's breach of the Agreement consisted of: the failure to comply with conditions of the Development Orders pertaining to the development of Harbourside Place; violations of various conditions of Special Event Permits issued to Plaintiff, including permits for November 8 and 15, 2015 special events for which Plaintiff was issued Notices of Violation; and Plaintiff's multiple instances of willful defiance of police directives

2

wherein Plaintiff expressed an intent to continue to violate Town's laws and the conditions of the Special Event Permits issued to Plaintiff. *Id*

8. Plaintiff was further notified that, in accordance with §10 of the Agreement, Plaintiff had 30 days from the receipt of the Notice of Breach to cure its breach of the agreement, unless the CRA elected to provide up to, but no more than, an additional 90 days to cure the breach. *Id.; see also DE 67-4* at §10.

9. Plaintiff informed the CRA, via correspondence dated December 2, 2015, that Plaintiff felt the CRA's Notice of Breach was deficient because Plaintiff felt it failed to specify the alleged violations which Plaintiff needed to cure or how said violations could be cured. *DE 67-10.*

10. On January 14, 2016, in response to Plaintiff's December 2, 2015 correspondence, the CRA provided specific notice to Plaintiff of the CRA's position regarding how Plaintiff had breached the Agreement by listing the following acts and/or omissions which were in violation of Section 25 of the Agreement:

    a. failing to submit applications for Special Events to Town's Planning and Zoning Department for review and approval 60 days in advance of the proposed event, including by scheduling live music events on January 8 and 9, 2016 without submitting special permit applications, in violation of Condition 10(b) of Resolution 2-13;

    b. failing to obtain a Special Permit for Special Events proposing to have amplified sound outside of Plaintiff's amphitheater, in violation of Condition 10(d) of Resolution 2-13;

    c.    failing to coordinate with the CRA and Town's Police Department to review events held at Harbourside Place during 2015 and to be scheduled in 2016 prior to November 2, 2015 and, rather, unilaterally submitting a proposed 2016 Event Schedule on December 22, 2015, in violation of Condition 10(e) of Resolution 2-13;

    d.    failing to monitor sound levels at different locations on its property with a sound governor or docimeter to ensure it meets and maintains compliance with the sound regulations set forth by Town's Code or the conditions of Special Permits, in violation of Condition 19 of Ordinance 44-10 and Condition 17 of Resolution 4-10;

    e.    failing to provide Town's Planning and Zoning Department with an engineered acoustical analysis from a sound engineer demonstrating that sound from the amphitheater and the events deck can be mitigated to meet Town's regulations and further including the location of speakers on the stage and events deck, the direction of sound therefrom, and the measurement of the sound in db(A), by submitting a sound report which did not demonstrate that sound from the amphitheater met Town's sound regulations at Plaintiff's property line, in violation of Condition 7 of Ordinance 1-13 and Resolution 2-13;

    f.    failing to install a sound limiter set to limit the sound output from speakers such that it meets the sound regulations of the Town Code, in violation of Condition 11 of Resolution 2-13;

      g.    failing to provide a sound report to ensure compliance with Town's sound regulations including the location of permanent speakers prior to transmitting amplified sound outdoors, in violation of Condition 13 of Resolution 2-13;

      h.    failing to set the sound limiter to control volume and to lock the sound limiter to meet approved settings, in violation of Condition 14 of Resolution 2-13; and

      i.    failing to transmit all outdoor amplified sound, including sound from drums, through a professional sound system, in violation of Condition 16 of Resolution 83-13.

*DE 40-1*.

11. Plaintiff failed to submit applications for Class A special events to Town's Planning & Zoning Department for its review and approval 60 days in advance of the proposed event. *See DE 102-1* at *¶33*.

12. Plaintiff submitted a sound engineer report by Richard LaVoir dated November 1, 2012. However, this report did not meet the requirements of Town's Code. *DE 102-1* at *¶8; see also 99-1* at *¶32(e); DE 150* at [39:5-41:2].

13. Plaintiff submitted a sound report from Audio Bug for the amphitheater dated March 3, 2014. However, this report did not demonstrate that sound from the amphitheater met Town's sound regulations at Plaintiff's property line as required by the conditions of approval. Nor did the report give the location of the speakers and their direction. *DE 102-1* at ¶22; *see also DE 150* at [39:5-41:2].

14. Plaintiff submitted an acoustical engineer's report prepared by Power Acoustics on September 9, 2015. However, this report did not include a site plan, details of all speakers or the outdoor stage. Also, this report did not measure the sound level compliance at Plaintiff's property, but only at Water's Edge. *DE 99-1* at ¶32(e); *DE 150* at [39:5-41:2; 77:18-24; 87:6-17].

15. Prior to amendment by Ordinance 1-16, §13-86(b)(3) of Town's Code stated that "Details and specifications of the proposed professional sound system are submitted, which demonstrates that the outdoor sound/music being amplified is being transmitted through the professional sound system." *DE 99-1* at *¶*32(e)*; see also §13-86(b)(3) of Town's Code.*

16. Ordinance 1-16 amended §13-86 to state: "Details and specifications of the proposed professional sound system which demonstrates that the sound being amplified is transmitted only through the professional sound system. *Id.*

17. The 2012 sound report submitted by Plaintiff contained details on the proposed professional sound system, but failed to confirm that sound would be transmitted through the system and meet the code requirement. *DE 99-1* at ¶32(f). The 2014 sound report submitted by Plaintiff did not include details of the speakers and the proposed outdoor stage. *Id.* The 2015 report submitted by Plaintiff did not include the details of the professional sound systems. *Id.* None of these reports demonstrated that the sound amplified is transmitted only through the professional sound system. *Id.; see also DE 150* at [39:5-41:2].

18. Plaintiff has not satisfied the requirements of Condition 11 of Resolution 2-13 because it has failed to install, set and lock the sound limiter so that it limits the sound output from the speakers such that it meets the sound limitations established by the Town. *DE 102-1* at *¶*47; s*ee also DE 99-1* at *¶*32(g); *DE 149* at [228:11-14].

6

19. Plaintiff has failed to meet the exterior sound standards of Section 13-125, Table 2 at the subject property line. *DE 99-1* at *¶*32(a)-(b); *see also DE 149* at [232:9-19; 232:25-233:5].

20. Plaintiff's final site plan does not identify the location and details of all speakers, sound attenuation and outdoor stages which demonstrates that the stage and speakers are located on the property so as to minimize the projection of sound amplification beyond the property. *DE 99-1* at *¶*32(c)-(d).

21. In the January 14, 2016 correspondence, the CRA further notified Plaintiff that it had elected to extend the time period for Plaintiff to cure its breach of the Agreement by an additional 90 days from the expiration of the 30-day period which began upon Plaintiff's receipt of the November 20, 2015 Notice of Breach. Stated otherwise, Plaintiff was provided until March 19, 2016 to cure its breach of the Agreement. *DE 40-1*.

22. Plaintiff was further specifically notified that it could cure its breach of the Agreement by paying the fines and costs ordered by the Town's Magistrate, and complying and maintaining compliance with all of the conditions of the Development Order and the Town's Code. Specifically, for each of the violations referenced in Paragraph 6(a)-(j) above, Plaintiff was provided with specific guidance as to how it could cure same. *Id.*

23. As a result of Plaintiff's continued breach, the CRA has acted within its authority under Sections 10 and 25 of the Agreement by suspending payment of the Tax Increment Incentive Payment to Plaintiff. *DE 67-4* at §§10, 25.

          Respectfully submitted,

          /s/ Lyman H. Reynolds, Jr.
          **LYMAN H. REYNOLDS, JR.**
          FBN: 380687

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by CM/ECF to all parties on the attached Counsel List this 10th day of January, 2017.

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561-688-6560/Fax: 561-688-2343
E-Service: service_LHR@rrbpa.com
Email: lreynolds@rrbpa.com
Attorneys for Defendants Town of Jupiter & Jupiter CRA

/s/ Lyman H. Reynolds, Jr.
LYMAN H. REYNOLDS, JR.
Florida Bar No: 380687

STYLE: HARBOURSIDE PLACE v. TOWN OF JUPITER & JUPITER CRA
CASE NO.: 9:16-CV-80170-KAM
OUR FILE NO.: 16-107

## COUNSEL LIST

MITCHELL W. BERGER, ESQ.
ANTHONY J. CARRIUOLO, ESQ.
Berger Singerman, LLP
One Town Center Rd., Suite 301
Boca Raton, FL 33486
Counsel for Plaintiff
PHONE: 561-241-9500
DIRECT: 954-712-5146
FAX: 561-998-0028
E-SERVICE: acarriuolo@bergersingerman.com
   mnewland@bergersingerman.com
   drt@bergersingerman.com
   mberger@bergersingerman.com
FBN: 311340 / 434541

PAUL S. FIGG, ESQ.
Berger Singerman, LLP
350 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
Co-Counsel for Plaintiff
PHONE: 954-525-9900
DIRECT: 954-712-5104
FAX: 954-523-2878
E-SERVICE: pfigg@bergersingerman.com
FBN:

LYMAN H. REYNOLDS, JR., ESQ.
Roberts, Reynolds, Bedard & Tuzzio, PLLC
470 Columbia Dr., Bldg. C101
West Palm Beach, Florida  33409
Counsel for Defendants Jupiter & CRA
PHONE: 561-688-6560
FAX: 561-688-2343
E-SERVICE: service_LHR@rrbpa.com
EMAIL: lreynolds@rrbpa.com
   bsmith@rrbpa.com
FBN: 380687